# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

**In Re:**

STEVEN RAY FRIES and
STEFANI LYNN FRIES,

**Debtors.**

**Bankruptcy Case No. 04-40523**

---

## MEMORANDUM OF DECISION

---

**Appearances:**

    Tim J. Williams, Twin Falls, Idaho, Attorney for Debtors.

    Howard R. Foley, FOLEY, FREEMAN, BORTON & STERN, Meridian, Idaho, Attorney for Combs Car Corral, Inc.

    L. D. Fitzgerald, Pocatello, Idaho, Trustee.

### Background

Although Creditor Combs Car Corral ("Creditor") played an active part in Debtors Steven and Stefani Frieses' Chapter 13 bankruptcy case, Creditor neglected to file a proof of claim and therefore did not receive the distributions it

MEMORANDUM OF DECISION - 1

had expected under Debtors' confirmed Chapter 13 Plan. Now, some ten months after confirmation, Creditor has finally filed a proof of claim, albeit an untimely one. Creditor seeks, through two separate motions, to have its untimely filed proof of claim either allowed as a late filed claim, or considered as an amendment to a timely filed informal proof of claim. Debtors object.

The Court conducted a hearing on Creditor's motions on May 23, 2005, at the conclusion of which the Court took the issues under advisement. Minutes, Docket No. 45. The Court now concludes that Creditor's claim should be allowed because its objection to confirmation meets the requirements of a timely filed informal proof of claim.

**Facts**

Debtors filed their bankruptcy petition under Chapter 13 of the Bankruptcy Code on March 18, 2004. Docket No. 1. Their Chapter 13 Plan, filed on March 25, 2004, proposed a thirty-six month term with monthly payments to the Chapter 13 trustee, L.D. Fitzgerald, of $395. The Plan provided for payment of Creditor's claim, secured by an interest in their vehicle, in the amount of $4,798 at 12% interest with payments to be made directly to Creditor. Docket No. 7. Creditor filed an objection to confirmation of Debtors' Plan on April 23, 2004. Docket No. 10. In its objection, Creditor asserted that the value of its collateral

MEMORANDUM OF DECISION - 2

was $6,800, that its claim was secured by Debtors' vehicle, and that Debtors' Plan should not be confirmed because the Plan did not propose to pay Creditor the full value of its secured claim.

After negotiations with Creditor, Debtors proposed an Amended Plan on June 10, 2004, valuing Creditor's secured claim at $6,800, and proposing to pay the claim at 12% interest over a thirty-six month term.  Docket No. 17. Payments to the Trustee under the Amended Plan were not increased, however, and Debtors proposed to pay monthly payments of $225 directly to Creditor in satisfaction of its claim.  Docket No. 17.  The Trustee recommended that the Amended Plan be confirmed, but only if the payments to Creditor were made by the Trustee, and the plan payment increased accordingly.  Docket No. 20.  Debtors agreed to the changes suggested by the Trustee, and the Court confirmed Debtors' Amended Plan via an order entered on August 27, 2004.  Docket Nos. 19, 23.

In addition to increasing the plan payments to $507 per month over the course of thirty-six months to accommodate payments to Creditor by the Trustee under the Amended Plan, the Amended Plan also contained the following language from the Court's suggested form plan directed at secured creditors:

> [T]the full value of the allowed secured claim held
> shall be paid, provided a timely allowed claim is filed.
> Each creditor holding an allowed secured claim shall
> retain its lien on the collateral securing that claim until

MEMORANDUM OF DECISION - 3

> the allowed secured value is paid, at which time the
> lien shall be market value of the creditor's collateral,
> as set forth in this plan. . . . Upon payment of the
> allowed value of the secured claim, the secured
> creditor's lien shall be released, void of any further
> effect, including void of any further security interest.
> Any portion of the debt owed to a creditor in excess of
> the allowed value of the collateral will be treated in
> this plan as an unsecured claim. Unless otherwise
> ordered by the court, payments shall commence upon
> filing of an allowable claim and pursuant to the terms
> of the order of confirmation of the plan.

Am. Plan, ¶ 4.2.1, Docket No. 17.

Although the confirmed plan provided for payments on its claim, Creditor did not file a proof of claim before the bar date of July 27, 2004. *See* Docket Entry, March 31, 2004. Creditor apparently realized its mistake when it did not receive any distributions from the Trustee, and finally filed a proof of claim on April 13, 2005, and the instant motions on April 14 and May 2, 2005. Docket Nos. 34, 40. The April 14 motion sought allowance of Creditor's claim as a late filed claim, while the May 2 motion argued that Creditor's objection to confirmation constituted a timely informal proof of claim.

Debtors filed an objection on April 20, 2005,[1] arguing that they would be prejudiced if Creditor's claim were allowed because the Trustee has

---

[1] Debtors actually filed a pleading titled "Motion to Adjust Debt," Docket No. 36, which the Court treated both as an objection to Creditor's motion and a motion to modify their Amended Chapter 13 Plan, as explained below.

MEMORANDUM OF DECISION - 4

already made distributions under their Amended Plan. The payments allocated to Creditor under the confirmed Amended Plan had been disbursed by the Trustee to other unsecured creditors, and therefore, Debtors are concerned they will not be able to pay Creditor the full amount of its claim during the remaining plan term. Thus, according to the terms of their Amended Plan, Creditor's lien will survive even after they complete their plan payments. Alternatively, Debtors argued that if Creditor's claim is allowed, its secured claim should be reduced to the value Creditor will be paid over the course of the remaining plan term. Docket No. 36.

## Disposition

**A. Late Filed Claims and Excusable Neglect.**

Creditor's claim can not be allowed either as a late filed claim under 11 U.S.C. § 502(b)(9) or based upon Creditor's alleged excusable neglect in failing to file a timely claim. The Ninth Circuit in *Gardenhire v. IRS* (*In re Gardenhire*), 209 F.3d 1145, 1147–48 (9th Cir. 2000), explained that Fed. R. Bankr. P. 9006(b) prohibits the retroactive enlargement of the 180-day period a governmental unit has for filing proofs of claim unless the conditions of Fed. R. Bankr. P. 3002(c)(1) are met, which require governmental entities to file a request for extension before the expiration of the time period. In *In re Johnson*, 262 B.R. 831, 845 (Bankr. D. Idaho 2001), the Court addressed a creditor's late filed claim

MEMORANDUM OF DECISION - 5

in a Chapter 13 case and, following *Gardenhire*, held that it had no authority to consider the creditor's untimely claim as a late filed claim when none of the express exceptions of Rule 3002(c) applied. Finally, in *In re Downey*, 00.1 I.B.C.R. 34, 35 (Bankr. D. Idaho 2000), the Court noted that "excusable neglect" was not a basis upon which to allow a late filed claim under the Bankruptcy Rules.

Under the case law, the Court is simply not permitted to equitably enlarge the time period for filing proofs of claim. Creditor had ninety days after the first date set for the meeting of creditors under 11 U.S.C. § 341 within which to file its proof of claim. Fed. R. Bankr. P. 3002(c). As in *Johnson*, none of the exceptions mentioned in Rule 3002(c) apply. Creditor's claim may not be allowed as a late filed claim, and its motion requesting this relief will be denied.

**B. Informal Proof of Claim.**

For Creditor to establish it has submitted an "informal" proof of claim, Creditor must show the existence of a writing containing "an explicit demand showing the nature and amount of the claim against the estate, and evidenc[ing] an intent to hold the debtor liable." *Johnson*, 262 B.R. at 845 (quoting *Sambo's Restaurants, Inc. v. Wheeler* (*In re Sambo's Restaruants, Inc.*), 754 F.2d 811, 815 (9th Cir. 1985), and citing *Dicker v. Dye* (*In re Edelman*), 237 B.R. 146, 155 (B.A.P. 9th Cir. 1999); *In re Downey*, 00.1 I.B.C.R. at 35).

MEMORANDUM OF DECISION - 6

In this case, Creditor's objection to confirmation of Debtors' Chapter 13 Plan, filed on April 23, 2004, constitutes an informal proof of claim. It was timely filed with the Court well before the claims bar deadline of July 27, 2004. The objection clearly stated the nature and amount of the claim, it described Creditor's secured interest in Debtors' vehicle and gave its estimate of the value of that collateral, which was $6,800. Creditor's objection rejected the treatment proposed by Debtors' original plan and notified the Court and Debtors that it intended to hold Debtors' estate liable for the full value of its collateral. A copy of the objection was served on the Trustee. This objection was sufficient to put Debtors and the Trustee on notice of the details of Creditor's claim and, measured by controlling authority, it constitutes an informal proof of claim. Therefore, the Court will consider Creditor's formal proof of claim, filed on April 13, 2005, to be an amendment to its informal proof of claim. *Johnson*, 262 B.R. at 846.

Debtors argue, however, that allowing Creditor's claim harms them because payments were not made under the Amended Plan to Creditor.[2] If

---

[2] 11 U.S.C. § 1326(a)(2) requires the trustee to distribute payments in accordance with the confirmed plan. In this case, the confirmed plan provided that "allowed" secured claims would be paid provided a timely allowed claim was filed. Am. Plan, § 4.2.1, Docket No. 17. Under 11 U.S.C. § 502(a), a claim is deemed "allowed" if a creditor files a proof of claim under 11 U.S.C. § 501 and there has been no objection. Thus, in the absence of a proof of claim, the Trustee was not required to make distributions to Creditor.

MEMORANDUM OF DECISION - 7

Debtors pay the plan payments over the course of the remaining plan term, they argue Creditor's allowed secured claim will not be paid in full, its lien will survive, and Debtors will not receive the benefit of their Chapter 13 discharge. To remedy that problem, Debtors seek, in essence, to modify the plan to reduce Creditor's claim to the amount that would be paid to Creditor over the remaining plan term, which would be approximately $5,200.

But for the Court to consider the modification Debtors propose, Debtors must show that the modification satisfies the requirements of 11 U.S.C. § 1329, which requires any modification to meet the confirmation standards of 11 U.S.C. § 1325(a). *In re Milburn*, 99.4 I.B.C.R. 174, 174 (Bankr. D. Idaho 1999). One of those requirements is that, unless the secured creditor accepts the plan or the collateral securing the claim is surrendered, the plan must provide for the retention of the creditor's lien and provide for payments, the value of which as of the effective date of the plan is not less than the amount of the claim. 11 U.S.C. § 1325(a)(5)(B)(i), (ii); *Milburn*, 99.4 I.B.C.R. at 174.

The Court can not approve the modification for the reasons discussed in *Milburn*. The debtor in that case also proposed to reduce the claims of two secured creditors via modification of his Chapter 13 plan. The confirmed plan set the values of the allowed secured claims, and the modification sought to

MEMORANDUM OF DECISION - 8

reduce the overall payments to those two creditors. Because the modification did not address the problem of the shortfall, it could not be approved. *Milburn*, 99.4 I.B.C.R. at 174. Debtors ask for the same treatment here. Creditor has rejected Debtors' proposed modification to further reduce its claim to $5,200. As a result, Debtors' plan as modified must comply with 11 U.S.C. § 1325(a)(5)(B)(ii), otherwise the modification can not be allowed. *Id.* The modification Debtors propose does not comply with the Code because Creditor will not receive the full value of its allowed secured claim, which was established in the confirmed Amended Plan at $6,800. 11 U.S.C. § 1325(a)(5)(B). Because Debtors' proposal fails to provide for payment of the full value of Creditor's secured claim, Debtors' request to modify the plan must be denied.

Debtors could have avoided this predicament. When Creditor neglected to file a timely proof of claim, Debtors could have filed a proof of claim on Creditor's behalf within thirty days. 11 U.S.C. § 501(c); Fed. R. Bankr. P. 3004. Debtors failed to avail themselves of this protective procedure, and now can not complain of the consequences.

## Conclusion

Creditor's motion to have its objection to confirmation considered as an informal proof of claim will be granted, while its motion to allow its late filed

MEMORANDUM OF DECISION - 9

claim will be denied.  Debtors' motion to modify their confirmed plan and to "adjust" Creditor's claim will be denied.  A separate order will be entered.

Dated: July 15, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 10